UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE TULLOCK, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>LORETTO HOSPTIAL )<br>Defendant. ) | Case No. 14-cv-3066<br><br><br>**Plaintiff Demands Trial By Jury** |

COMPLAINT

NOW COMES Plaintiff, NICOLE TULLOCK, by her attorneys, LAD LAW GROUP, P.C., and complains as follows against Defendant LORETTO HOSPTIAL ("LORETTO").

PARTIES AND JURISDICTION

1. Plaintiff NICOLE TULLOCK is a citizen of the United States of America, and a citizen and resident of Chicago, County of Cook, State of Illinois.

2. Defendant LORETTO is a corporation organized under the laws of the state of Illinois, located in, and doing business in various counties, including Cook County, Illinois.

3. At all relevant times, Plaintiff was an employee of LORETTO as that term is defined in 42 U.S.C. § 12111(4).

4. At all relevant times, Defendant LORETTO was an employer as defined in 42 U.S.C. § 12111(5)(A).

5. All relevant actions complained of herein took place in Chicago, County of Cook, Illinois.

1

6. This is an action for damages for gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., and for retaliation.

7. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1331, and §1343.

## FACTS

8. Plaintiff is a female.

9. Plaintiff began working for Defendant in September 2012, as a Mental Health Specialist.

10. Prior to Defendant's discriminatory and retaliatory conduct, Plaintiff performed her job duties satisfactorily. She was never written up, or counseled regarding her performance.

11. Sometime after she began working, Plaintiff began to complain to Defendant that her supervisors treated her in a derogatory matter, less favorable than that of male employees.

12. On or about March 18, 2013, Plaintiff complained to Defendant's Human Resources department of a discriminatory hostile work environment, specifically that Ms. Margaret attacked her for no reason.

13. In that same letter, Plaintiff complained that a prior complaint made against her was unsubstantiated, and she was not allowed to respond and clear up the complaint. Plaintiff filed a grievance regarding this particular complaint, and Plaintiff's grievance was ignored.

14. Plaintiff requested that Defendant investigate the matters of her March 18, 2013 correspondence, and Defendant failed to do so.

15. Subsequently, in April 2013, without any prior disciplinary actions, Plaintiff received disciplinary actions for three separate offenses. These disciplinary actions were trumped up, and in retaliation for Plaintiff complaining on March 18, 2013.

16. On or about June 5, 2010, Plaintiff complained to Defendant that her male supervisor AJ Rasiaki harassed and verbally attacked her. Plaintiff requested assistance in the matter, but again, was ignored.

17. On or about June 23, 2013, Plaintiff was falsely accused of sleeping on the job, and falsifying records. Defendant failed to do a proper investigation of these allegations, and instead suspended Plaintiff without pay.

18. On or about June 28, 2013, Plaintiff requested to grieve her suspension, an investigation into the allegations, and again complained of discrimination. Plaintiff's grievance request was ignored.

19. On or about July 10, 2013, Defendant terminated Plaintiff. Defendant failed to follow proper protocol when terminating Plaintiff.

20. As a result of Defendant's wrongful actions, Plaintiff suffered lost wages, and emotional distress damages.

21. On or about August 1, 2013, Plaintiff filed a Charge of Discrimination, Charge No. 440-2013-04896 with the Equal Employment Opportunity Commission ("EEOC"), naming Defendant as Respondent in the Charge, and alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (See Exhibit A, attached hereto).

22. On or about January 27, 2014, the EEOC issued Plaintiff a right to sue letter. Plaintiff received that letter on or about January 29, 2014. (See Exhibit A, attached hereto).

COUNT I
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
GENDER DISCRIMINATION

23. Plaintiff repeats and realleges Paragraphs 1-22, as though fully set forth herein, as Paragraphs 1-22 of Count I of this Complaint.

24. Plaintiff is female.

25. Prior to Defendant's discriminatory conduct, Plaintiff performed satisfactorily.

26. While working for Defendant, Plaintiff was discriminated against in one or more of the following ways:

   a. False allegations were made against Plaintiff, and she was not allowed to respond to, and clear up complaints;

   b. Plaintiff's complaints of discrimination were not investigated. They were ignored, and her supervisors were allowed to continue to subject her to hostile work environment;

   c. In April 2013, Plaintiff was subject to disciplinary actions based on false, trumped up charges;

   d. Plaintiff was terminated on July 10, 2013 based on false, trumped up charges; and

   e. Plaintiff was denied the opportunity to grieve disciplinary actions taken against her.

27. On information and belief, similarly situated non-male employees were treated more favorably than Plaintiff, as they were not subjected to the treatment outlined in Paragraph 26.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

A. That this Honorable Court find that Defendant discriminated against Plaintiff on the basis of her gender;

B. That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendants;

C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT II
## RETALIATION

28. Plaintiff repeats and realleges Paragraphs 1-27, as though fully set forth herein, as Paragraphs 1-27 of Count II of this Complaint.

29. Plaintiff engaged in the protected activity of opposing Defendant's unlawful behavior by complaining on March 18, 2013 and June 5, 2013.

30. Plaintiff complained that she was treated differently from similarly-situated male employees.

31. Shortly thereafter, Defendant retaliated against Plaintiff in one or more of the following ways:

   a. False allegations were made against Plaintiff, and she was not allowed to respond to, and clear up complaints;

b. Plaintiff's complaints of discrimination were not investigated. They were ignored, and her supervisors were allowed to continue to subject her to hostile work environment;

   c. In April 2013, Plaintiff was subject to disciplinary actions based on false, trumped up charges;

   d. Plaintiff was terminated on July 10, 2013 based on false, trumped up charges; and

   e. Plaintiff was denied the opportunity to grieve disciplinary actions taken against her.

32. A causal link exists between Plaintiff's complaints and Defendant's actions, as it occurred after Plaintiff's complaints, and Defendant's proffered reason for its actions are false and pretextual.

33. Defendant's retaliatory conduct caused Plaintiff loss wages, and emotional damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

   A.     That this Honorable Court find that Defendant retaliated against Plaintiff on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964;

   B.     That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

   C.     That this Honorable Court award pre-judgment interest and costs;

   D.     That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

                    Respectfully submitted,
                    By: /s/ Jemelle D. Cunningham
                          Plaintiff's Attorney

LAD LAW GROUP, P.C.
203 N. LaSalle St. Suite 2100
Chicago, Illinois 60605
(312) 252-3085